# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Arcadio Valenzuela, individually and on behalf of all those similarly situated, § § § § | |
| Plaintiff, § § § | CA Number: 4:18-cv-2244 |
| v. § § | Collective Action |
| Trinity Thru Tubing, LLC, Waymore Energy Services, LLC, The Slickline Company, LLC, Kirk Yariger, Brian Post and Wayman Winzel § § § | |
| Defendants. | |

### Plaintiff's Original Collective Action Complaint

Arcadio Valenzuela ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**"), brings this Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**") suit against Trinity Thru Tubing, LLC ("**Trinity**"), Waymore Energy Services, LLC ("**Waymore**"), The Slickline Company, LLC ("**Slickline**"), Kirk Yariger ("**Yariger**"), Brian Post ("**Post**") and Wayman Winzel ("**Winzel**") (Trinity, Waymore, Slickline, Yariger, Post and Winzel individually each a "**Defendant**" and collectively "**Defendants**") and shows as follows:

1. **Nature of Suit.**

   1.1. The Department of Labor states that the misclassification of employees as independent contractors presents one of the most serious problems facing

affected workers, employers and the entire economy. Misclassified employees often are denied access to critical benefits and protections to which they are entitled, such as the minimum wage, overtime compensation, family and medical leave, unemployment insurance, and safe workplaces. Employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds. It hurts taxpayers and undermines the economy.

1.2. Defendants failed to pay Plaintiff and the Class Members in accordance with the FLSA. Specifically, Plaintiff and the Class Members were paid as independent contractors instead of as employees. As a result, Defendants failed to pay Plaintiff and the Class Members at time and one half their regular rate of pay for hours worked in a workweek in excess of forty hours.

2. **Parties.**

2.1. Plaintiff is an individual residing in the Southern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is being filed with the Court as Exhibit A.

2.2. The Class Members are other hourly-paid oil field employees that were employed by Defendants within three years of the filing of this lawsuit and were not paid

overtime as required by the FLSA. The Class includes, but is not limited to, the job classifications of mixing plant operators and mixing plant helpers.

2.3. Waymore is a Texas LLC engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

2.4. Strickline is a Texas LLC engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

2.5. Trinity is a Texas LLC engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

2.6. Yariger is a Texas resident who qualifies as an employer under the FLSA.

2.7. Post is a Texas resident who qualifies as an employer under the FLSA.

2.8. Winzel is a Texas resident who qualifies as an employer under the FLSA.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendants carried on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

   4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

   4.2. At all times hereinafter mentioned, Defendants have been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   4.3. At all times hereinafter mentioned, Waymore, Strickline and Trinity have been enterprises with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

   4.4. At all times hereinafter mentioned, Waymore, Strickline and Trinity have each been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendants' employees worked on oil and gas drilling rigs.

4.5. Two or more of Defendants' employees, including Plaintiff, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and Defendants' employees used/use:

    4.5.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.5.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.3. the interstate telephone systems, landline and cellular, to recruit and employ employees;

    4.5.4. the United States postal system to send mail across state lines; and

    4.5.5. the interstate banking systems to pay Defendants' employees.

4.6. Each of Yariger, Post and Winzel had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Each of Yariger, Post and Winzel had operational control of significant aspects of Waymore, Strickline and Trinity's day-to-day functions and independently exercised control over the work situation. Each of Yariger, Post and Winzel had direct involvement in the day-to-day operation of Waymore, Strickline and Trinity and had some direct responsibility for the supervision of the employees. Each of Yariger, Post and Winzel set work schedules and made work assignments.

4.7. Each of Yariger, Post and Winzel: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

4.8. Each of Yariger, Post and Winzel acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

4.9. Plaintiff was employed by Defendants within the applicable statute of limitations.

5. **Factual Allegations.**

5.1. Defendants provide operational services to the oil and gas industry.

5.2. Plaintiff worked for Defendants as an oil field worker at the oil and gas drilling rig locations of Defendants' clients.

5.3. Plaintiff was paid on an hourly basis.

5.4. For the work Plaintiff and the Class Members performed Plaintiff and the Class Members were/are paid as independent contractors. Plaintiff and the Class Members were/are paid a straight time hourly rate.

5.5. Defendants misclassified Plaintiff and the Class Members, treating them as independent contractors rather than employees. In reality, the alleged independent contractors were/are actually employees of Defendants who performed non-exempt work that is part of the fundamental service provided by Defendant.

5.6. For a short period of time Plaintiff and the Class members were considered direct hourly-paid employees but Defendants still did not pay overtime.

5.7. Plaintiffs and the Class Members routinely worked 40+ hours a week as part of their regular job duties.

5.8. Plaintiff and the Class Members worked long hours in the oil field. They always worked more than 40 hours in a week.

5.9. Plaintiff and the Class Members were paid straight time for all hour worked. They were not paid overtime.

5.10. Defendants' policy of paying only straight time applied to all the hourly-paid oil and gas workers.

5.11. Plaintiff and the Class Members regularly worked in excess of 40 hours a week. For example, during the pay period December 30, 2017 through January 12, 2018 Plaintiff worked 192 hours and was paid straight time for all hours. Plaintiff was not paid at an overtime rate for any of the hours over 40 worked that week.

5.12. Defendants were aware that Plaintiff and the Class Members worked 40+ hours per week yet did not pay Plaintiff and the Class Members overtime. Defendants were aware that Plaintiff and the Class Members were working more than 40 hours a week because Plaintiff and the Class Members were paid weekly on an hourly basis. Thus, Defendants tracked the time worked by Plaintiff and the Class Members.

5.13. Upon information and belief, throughout all relevant time periods and during the course of the Plaintiff's and Class Members' respective employment, and while Defendants employed Plaintiff and the Class Members, Defendant failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

5.14. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

6. **Collective Action Allegations.**

   6.1. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Upon information and belief other caregivers were paid in the same manner as Plaintiff, i.e., no overtime pay for the weeks in which the Class Members worked more than 40 hours in part because at times they were treated as independent contracotrs. The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

   6.2. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.4. Defendants' failure to pay overtime compensation at the rates required by the FLSA is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**6.6.1. All hourly paid oil and gas workers (regardless of whether they were treated as independent contractors) who worked for Defendants anytime within three years of the filing of this lawsuit and who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs 1-5 is re-alleged as if fully rewritten herein.

   7.2. During the relevant period, Defendants have violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   7.3. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendants were aware that overtime pay was required for hourly employees but ignored the FLSA.

   7.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did it act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29

U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Relief Sought.**

   8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

   8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

   8.1.2. An Order requiring Defendants to provide the names, addresses, telephone numbers and email addresses of all potential Class Members;

   8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

   8.1.5. All unpaid wages and overtime compensation;

   8.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

8.1.7. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:  */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**