United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADIO VALENZUELA, | § | |
| Individually and on behalf of all those | § | |
| similarly situated, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-02244 |
| | § | |
| TRINITY THRU TUBING, LLC, | § | |
| WAYMORE ENERGY SERVICES, | § | |
| LLC, THE SLICKLINE COMPANY, | § | |
| LLC, and KIRK YARIGER. | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court in this Fair Labor Standards Act ("FLSA") case is Plaintiffs' Motion for Summary Judgment [Doc. # 33] ("Motion"). Plaintiffs also filed a correction to their Motion fixing an error in the damages calculations.[1] Defendants Trinity Thru Tubing, LLC, Waymore Energy Services, LLC, The Slickline Company, LLC, and Kirk Yariger have not filed a response to Plaintiffs' Motion, and the time for them to do so has elapsed.[2] When a party fails to respond to the opponent's motion for summary judgment, the Court must nevertheless consider the merits of the motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

---

[1] Plaintiffs' Amendment to Motion for Summary Judgment [Doc. # 35].

[2] Failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

Based on the parties' briefing, pertinent matters of record, and relevant legal authorities, the Court **grants** Plaintiffs' Motion.

I. <u>**BACKGROUND**</u>

The uncontroverted record establishes the following facts. Plaintiffs are a group of oilfield workers employed by Defendants within the last two years. Plaintiff Arcadio Valenzuela filed this collective action on July 1, 2018.[3] On October 29, 2018, Michael Davis, Wilfredo Espinosa, Justin Joe Johnson, John Ramirez, and Hunter Valenzuela (together with Mr. Valenzuela, "Plaintiffs") filed consent forms with the Court and joined this collective action.[4]

Defendants Trinity Thru Tubing, LLC ("Trinity"), Waymore Energy Services, LLC ("Waymore"), and The Slickline Company, LLC ("Slickline," together with Trinity and Waymore, the "Companies") provide operational services to the oil and gas industry in the form of mixing plant and through-tubing services.[5] Trinity is a

---

[3] *See* Plaintiff's Original Complaint [Doc. # 1].

[4] Consent to Join a Collective Action [Doc. # 9].

[5] Declaration of Arcadio Valenzuela [Doc. # 33-2] ("A. Valenzuela Decl.") ¶ 2; Plaintiff's First Amended Collective Action Complaint [Doc. # 4] ("FAC") ¶ 5.1; Defendants Trinity Thru Tubing, LLC, Waymore Energy Services, LLC, the Slickline Company, LLC, Kirk Yariger, Brian Post, and Wayman Mizell's Original Answer and Affirmative Defenses [Doc. # 6] ("Answer") ¶ 23.

wholly-owned subsidiary of Slickline.[6]  Defendant Kirk Yariger was one of Plaintiffs' bosses.[7]  Mr. Yariger had authority to set corporate policy, had operational control of significant aspects of the Companies' day-to-day functions, set work schedules and made work assignments, and had the power to hire and fire employees.[8]  Mr. Yariger admits he qualified as an "employer" for purposes of the FLSA's wage and hour regulations.[9]

Plaintiffs worked for Defendants as Mixing Plant Operators and Mixing Plant Helpers ("Operators and Helpers").[10]  Operators and Helpers performed manual work for Defendants.[11]  They mixed and injected chemicals as needed by well site

---

[6]   A. Valenzuela Decl. ¶ 9.

[7]   A. Valenzuela Decl. ¶¶ 9-10, 20.

[8]   FAC ¶¶ 4.6-4.7; Answer ¶¶ 19-20.

[9]   FAC ¶¶ 2.6, Answer ¶¶ 8.

[10]  A. Valenzuela Decl. ¶ 2; Declaration of Michael Davis [Doc. # 33-4] ("Davis Decl.") ¶ 2.  Arcadio Valenzuela also worked as a team manager in addition to working as a Mixing Plant Operator.  Mr. Valenzuela worked for Defendants as a Mixing Plant Operator from August 2017 until February 2018, when he was promoted to Team Manger.  A. Valenzuela Decl. ¶¶ 3, 6.  After his promotion, Mr. Valenzuela was paid a flat salary.  *Id.*  Mr. Valenzuela does not dispute that he was exempt from the overtime provisions of the FLSA once he was promoted to Team Manger and paid a salary.  Mr. Valenzuela only seeks overtime compensation for the time he was paid by the hour (August 2017-February 2018).  *See* A. Valenzuela Decl. ¶¶ 3, 27.

[11]  A. Valenzuela Decl. ¶ 6; Davis Decl. ¶ 4.

3

operators during the drilling and recovery process.[12] Operators and Helpers also transported a mobile mixing plant to job sites, set up and took down the mixing plant, and performed periodic maintenance on the mixing plant.[13]

Plaintiffs were not hired for specific projects or jobs, but were hired to work for Defendants indefinitely.[14] Plaintiffs did not work for anyone else while they were working for Defendants, and their contracts with Defendants explicitly prohibited them from working other jobs.[15] Plaintiffs were treated like Defendants' other employees, and were subject to Defendants' policies and regulations regarding start times, break times, lunch hours, drug testing, and safety meetings.[16] Defendants provided Plaintiffs with the tools and equipment necessary to perform their jobs.[17]

---

[12] *Id.*

[13] *Id.*

[14] A. Valenzuela Decl. ¶ 17.

[15] *Id.* ¶ 18.

[16] *Id.* ¶ 21.

[17] *Id.* ¶ 23.

Defendants paid Plaintiffs on an hourly basis.[18] Plaintiffs were paid "straight time" for all hours worked including those over 40 hours per week.[19] Plaintiffs routinely worked more than 40 hours per week, but were not paid overtime.[20] Plaintiffs were classified as independent contractors until March 2018, when Defendants began classifying them as employees.[21] Even after they were classified as employees, Plaintiffs were still only paid straight time and were not paid overtime.[22] Plaintiffs worked between 10 and 16 hours per day, five to seven days per week.[23] Defendant has not produced complete time records for Plaintiffs.[24] Based on the available records, Plaintiffs worked an average of 32 hours of overtime per week while employed by Defendants.[25] Plaintiffs seek unpaid overtime wages

---

[18] A. Valenzuela Decl. ¶¶ 3, 5; Davis Decl. ¶ 3; FAC ¶ 5.3; Answer ¶ 25.

[19] A. Valenzuela Decl. ¶¶ 3-5; Davis Decl. ¶ 3; *see also* Plaintiffs' Time Records [Doc. # 33-3] at 9-39.

[20] FAC ¶ 5.7; Answer ¶ 29; A. Valenzuela Decl. ¶ 5; Davis Decl. ¶ 3; Plaintiffs' Time Sheets [Doc. # 33-3] at 9-39.

[21] A. Valenzuela Decl. ¶¶ 3-5.

[22] *Id.*

[23] *Id.* ¶¶ 25-27; *see also* Plaintiffs' Time Records [Doc. # 33-3] at 9-39

[24] *Id.* ¶ 26; Declaration of Chris Miltenberger in Support of Motion for Summary Judgment [Doc. # 33-4] ¶ 2.

[25] *Id.* ¶¶ 26-27.

5

as damages, along with an equal amount of liquidated damages, and attorneys' fees and costs.[26]

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322-23; *Rodgers v. United States*, 843 F.3d 181, 190 (5th Cir. 2016); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Where the movant bears the burden of proof at trial on the issues at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th

---

[26] *Id.* ¶¶ 26-30.

Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013); *accord Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015); *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. City of Houston,* 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little*, 37 F.3d at 1075).

7

The Court may make no credibility determinations or weigh any evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required, however, to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord Little*, 37 F.3d at 1075.

## III.  DISCUSSION

Plaintiffs argue that Defendants were their "employers" within the meaning of the FLSA, misclassified Plaintiffs as independent contractors, and failed to pay Plaintiffs overtime as required by the FLSA. Plaintiffs also seek an award of attorneys' fees and costs.

### A.  Defendants Are "Employers" Subject to the FLSA

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Defendants admit in their answer that they were "employers" within the meaning of the FLSA.[27] Formal concessions in pleadings are binding judicial admissions and have "the effect of withdrawing a fact from contention." *Martinez v. Bally's*

---

[27]  FAC ¶¶ 2.3-2.6; Answer ¶¶ 5-8.

*Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). There is no genuine dispute of material fact that Defendants are "employers" subject to the FLSA.

### B. <u>Plaintiffs Were Not Independent Contractors</u>

Plaintiffs argue that they were misclassified as independent contractors while employed by Defendants. Plaintiffs were considered by Defendants to be independent contractors until March 2018, after which they were considered employees. Plaintiffs claim that although Defendants formally labeled them as independent contractors, they were in fact employees subject to the FLSA's overtime regulations.

"[P]utting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). Neither the subjective intent of the worker and employer nor the label they use to describe their relationship controls whether the worker is an employee or an independent contractor. *See Watson v. Graves*, 909 F.2d 1549, 1554 (5th Cir. 1990) ("We must . . . look to the substantive realities of the relationship, not to mere forms or labels ascribed to the laborer by those who would avoid coverage."); *Coronado*, 2014 WL 2779548, at *2 ("The fact that a worker and her employer use the 'independent contractor' label does not determine the outcome of the economic realities test or the application of the FLSA.") (Rosenthal, J.).

9

Courts in the Fifth Circuit use "the 'economic reality' test to evaluate whether there is an employer/employee relationship." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012).  Courts applying this test consider "whether the putative employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).  "In joint employer contexts, each employer must meet the economic reality test."  *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Gray*, 673 F.3d at 355).

Here, Plaintiffs have presented evidence establishing an employer/employee relationship with each Defendant.  The undisputed summary judgment record shows Defendants possessed the power to hire and fire Plaintiffs, supervised and controlled Plaintiffs' schedules and conditions of employment, and determined Plaintiffs' rate and method of payment.  The Court finds that Plaintiffs were Defendants' employees within the meaning of the FLSA.

### C.     **Plaintiffs Were Not Paid Overtime**

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).

Affidavits and timesheets show that Defendants paid Plaintiffs "straight time."[28] There is no evidence in the summary judgment record that shows Plaintiffs were paid overtime for time worked in excess of 40 hours per week or that an FLSA exemption excused the obligation to pay such overtime.[29]

In order to calculate the amount of overtime due to each Plaintiff, Plaintiffs support their Motion with time sheets from their own records, documents produced by Defendants, declarations from Plaintiffs Arcadio Valenzuela and Michael Davis, and records in the possession of an affiliated company's bankruptcy trustee.[30]

---

[28] A. Valenzuela Decl. ¶¶ 3-5; Davis Decl. ¶ 3; *see also* Plaintiffs' Time Records [Doc. # 33-3] at 9-39. Plaintiffs have not been able to obtain complete records of the time they worked for Defendants. *See* A. Valenzuela Decl. ¶¶ 24-25; Miltenberger Decl. ¶ 2.

[29] The FLSA exempts from its overtime requirements certain categories of employees. *See* 29 U.S.C. § 213. The employer bears the burden of proof to show—by a preponderance of the evidence—that an exemption "plainly and unmistakably" applies to the complaining employee. *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013); *see also Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002); *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999). Plaintiffs do not need to make an affirmative showing that they were not exempt from the FLSA's overtime requirements in order to succeed on a claim for unpaid overtime.

[30] A. Valenzuela Decl. ¶¶ 24-25; Miltenberger Decl. ¶ 2; *see also* Plaintiffs' Time Records [Doc. # 33-3] at 9-39. Plaintiffs have been able to obtain some time records that were in the possession of Hammer Down Oilfield Services, LLC's bankruptcy trustee. Hammer Down Oilfield Services, LLC is affiliated with Defendants and filed a voluntary Chapter 7 petition in the Western District of Texas on September 11, 2019 (Case No. 19-11222-hcm). *See* Agreed Motion to Abate Deadlines [Doc. # 15].

11

Plaintiffs contend that the available time sheets and the declarations of Messrs. A. Valenzuela and Davis establish that on average Plaintiffs worked 72 hours per week. Plaintiffs ask the Court to use this average to determine the number of overtime hours for which Plaintiffs are entitled to damages. Plaintiffs accordingly seek recovery of a sum equal to 32 hours for every week each was employed by Defendants multiplied by one half each Plaintiff's hourly rates. Plaintiff's claimed damages are summarized in the following table:

| Name | One-Half Hourly Rate | Weeks Worked | Overtime Hours / Week | Total Overtime Owed |
|---|---|---|---|---|
| Arcadio Valenzuela | $15 | 26[31] | 32 | $12,480 |
| Hunter Valenzuela | $10 | 26 | 32 | $8,320 |
| James Ramirez | $8 | 26 | 32 | $6,656 |
| Justin Johnson | $9 | 22 | 32 | $6,336 |
| Michael Davis | $9 | 30 | 32 | $8,640 |

---

Plaintiffs have presented time sheets from each plaintiff except Michael Davis, who submitted a declaration detailing his hourly rate and average work schedule while employed by Defendants. The evidence establishes the following uncontroverted facts: H. Valenzuela worked for Defendants from September 2017 to March 2018 as a mixing plant operator at a rate of $20 per hour. A. Valenzuela Decl. ¶ 15; *see also* Plaintiffs' Time Records [Doc. # 33-3]. Ramirez worked for Defendants from November 2017 to May 2018 as a mixing plant helper at a rate of $16 per hour. *Id.* Johnson worked for Defendants from the end of August 2017 to the end of January 2018 as a mixing plant helper at a rate of $18 per hour. *Id.* Davis worked for Defendants from August 2017 to March 2018 as a mixing plant helper and then as a mixing plant operator, both at the rate of $18 per hour. Declaration of Michael Davis [Doc. # 33-4] ("Davis Decl.") ¶¶ 2-3; *see also* Plaintiffs' Time Records [Doc. # 33-3]. Espinosa worked for Defendants from January 2018 to March 2018 as a mixing plant operator at a rate of $25 per hour. A. Valenzuela Decl. ¶ 15; *see also* Plaintiffs' Time Records [Doc. # 33-3].

[31] This figure only includes the weeks Arcadio Valenzuela was paid on an hourly basis.

| Name | One-Half Hourly Rate | Weeks Worked | Overtime Hours / Week | Total Overtime Owed |
|---|---|---|---|---|
| Wilfredo Espinosa | $12.50 | 9 | 32 | $3,600 |
| **Total** | | | | **$46,032** |

The Court is persuaded by Plaintiffs' evidence. The declarations and time sheets submitted in support of Plaintiffs' Motion establish that a finding that Plaintiffs worked 72 hours per week on average is reasonable. The Court concludes that Plaintiffs are entitled to $46,032 in unpaid overtime.

An employer who fails to pay overtime as required by the FLSA shall be liable to the affected employees "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs accordingly are entitled to $46,032 in liquidated damages, for a combined total of actual damages and liquidated damages of $92,064.

### D.   Attorneys' Fees and Costs

Plaintiffs are entitled to recover from Defendants attorneys' fees and costs for prosecution of this suit. 29 U.S.C. § 216(b) (A "court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiffs request an opportunity to submit evidence and legal authorities on these matters. The Court agrees.

Plaintiffs must submit on or before August 11, 2020 an application for attorneys' fees and costs. Defendants' opposition to Plaintiffs' application must be

filed on or before September 1, 2020.  Plaintiffs may file a reply in further support of their application for attorneys' fees and costs on or before September 10, 2020.

## IV. CONCLUSION

The undisputed summary judgment evidence shows that Plaintiffs were Defendants' employees who regularly worked on average 32 hours over the 40 hours per week base time and were not paid overtime as required by the FLSA.  It is therefore

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 33] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs are entitled to $46,032 in unpaid overtime wages plus $46,032 in liquidated damages.  It is further

**ORDERED** that Plaintiffs must submit on or before **August 11, 2020** an application for attorneys' fees and costs.  Defendants' opposition to Plaintiffs' application must be filed on or before **September 1, 2020**.  Plaintiffs may file a reply in further support of their application for attorneys' fees and costs on or before **September 10, 2020**.  The issue of the award of attorneys' fees and costs then will be taken under advisement.

SIGNED at Houston, Texas, this 21st day of July, 2020.

*[signature: Nancy F. Atlas]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE